JOSEPHINE BROCK, appellant,

*v.*

THE HUDSON COUNTY NATIONAL BANK, respondent.

A wife advanced money to her husband for the purpose of building upon lots owned by him, under an agreement that he should afterwards convey the lots and buildings to her. He neglected to do so until a judgment was about to be entered against him for a debt which he had incurred before he got title to the lots upon which he built. Just before the judgment was entered he conveyed the lots to his wife. The judgment creditor filed a bill to have this deed set aside as a fraud upon creditors.—*Held*, that the husband had the right to pay or secure his wife in preference to other creditors.—*Held*, that in the absence of any fraudulent intention on the part of the wife to hinder creditors by taking a deed, the conveyance will be regarded as a mortgage to secure her the amount of her advances. *Demarest* v. *Terhune*, 3 *C. E. Gr.* applied

---

On appeal from a decree advised by W. B. Williams, advisory master, in *Hudson County National Bank* v. *Brock*.

*Mr. John Linn*, for the appellant.

*Mr. Gilbert Collins*, for the respondent.

The opinion of the court was delivered by

REED, J.

This suit was brought by the Hudson County National Bank to set aside a conveyance of two houses and lots on Jersey avenue, in Jersey City, made by George P. Brock to his wife, Josephine Brock, the appellant. This deed was made on March 1st, 1888.

The bank, the present respondent, obtained a judgment against the said George P. Brock in the supreme court of this state on the 30th of April, 1888.

This judgment was for $1,559.06. Execution was issued upon it to the sheriff of Hudson county. That officer, finding nothing else, levied upon the two lots mentioned as the property of the defendant. The bank thereupon filed its bill in this case to have the deed from the defendant, George P. Brock, to his wife set aside, as against the bank, as a fraudulent conveyance.

A decree was advised and signed adjudging that the said deed was void as to the bank, and ordering the property to be sold to pay the said judgment.

The facts proven in the suit seem to be these: George P. Brock owned the two lots before he married Josephine. He bought them in October, 1882. He paid in cash for one lot $1,000, and gave a mortgage upon it for $2,000. He paid in cash for the other lot $1,500, and gave a mortgage upon it for $1,500, At this time he was engaged to be married to Josephine. He borrowed of her $2,000, which he used to make up the cash part of the consideration paid for the lots. It seems that she did not know of the purpose to which the borrowed money was to be applied. On the 30th of November, the month after that in which the purchase was made, he married her. After the marriage the husband erected upon the lots two buildings. The cost of each building was over $16,000. He fixes the amount as between $16,250 and $16,500 each. The mortgages of $2,000

.and $1,500, already mentioned, were paid off and two mortgages amounting to $14,000 were put upon the improved property.

The property, as it then stood, had cost $38,500, of which $24,500 was paid in cash.

This cash was paid mostly out of moneys which came from the wife, Josephine.

The evidence shows quite conclusively that. from the wife's property there went into the hands of the husband $20,785. Nearly all of it must have gone in the payments made upon this property.

; This appears to be so, because the husband's own money could not have exceeded $5,500, and it required nearly, if not quite, :$4,000 of this to make up the difference between the amount of money he received from his wife and the amount of cash he paid upon the property. I do not conceive, however, that it is at all important whether the wife's money was all put into the property or not.

The important matter is the ascertainment of the amount of money which was turned over to the husband. Both husband and wife testify that it was understood between them, at that time, that he should make a deed of the property to her. This he neglected to do until the deed, now in question, was executed in 1888. These are the facts concerning the relations of the husband and wife toward each other touching the transaction.

In respect to the husband's relations with the bank, only one. thing is worthy of remark. The debt for which the judgment was entered up against him, arose in 1872—long before the purchase by him of these lots—by reason of his endorsement for another party. It, therefore, appears that the debt was not contracted upon the faith of his ownership of this property.

It is quite obvious that the execution of the deed by the husband was hastened by the suit of the bank against him.

. In respect to the wife's position, it is evident that she knew but little of the management of this business by her husband, and it is equally evident that she had no fraudulent design in permitting the property to remain in the hands of her husband.

· I think it true that she repeatedly urged her husband to make her a deed, and received it, when made, in good faith.

In this position of affairs, what are the rights of the respective parties? The view of the counsel for the bank is, that the property should be treated as having belonged to the wife all these years.

Then he would have the court fix a lien upon this property on account of the money of the husband which went to help pay for it.

This would compel the wife to. redeem the judgment or submit to a sale of the property. Her interest in it would be in the surplus, after payment of the bank's judgment and the mortgage.

This was indeed the effect of the decree made in the court below.

· In my judgment, this is a mistaken view of the legal condition of affairs, and the decree, I think, cannot stand in its present shape.

There was no resulting trust in the wife. There was no interest in the wife in this real estate, legal or equitable.

She was a creditor of her husband. So was the bank. Both stood upon an equal footing in this respect.

Morally, the right of the wife to a payment of her debt by a deed was superior, because the husband, when using her money, had so promised.

But, legally and equitably, I do not perceive any legal difference in their attitude at the time that the deed was made.

Now, he chooses to secure his wife by making a deed to her.

He had a right to secure or pay her for her advances. And although it may be that the value of the property is in excess of the debt, yet, she not being a party to any design to defraud others by the form of the conveyance, it will not be avoided because of its form as an absolute deed. Following the doctrine laid down in *Demarest* v. *Terhune, 3 C. E. Gr. 532,* and since recognized in several cases, the deed should not be set aside, but should be sustained as a security for the amount for which the

grantor was indebted to the grantee.     That amount is, I think,. sufficiently proved to be $20,785.

The decree below should be reversed, and a decree entered that the deed stand as security for that amount, and that the property, at the option of the bank, be sold, if any bid is obtained above the said sum, the property being sold subject to the mortgage upon it.     If sold, then out of the proceeds the said amount of $20,785 to be paid to the appellant.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, KNAPP;. MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, SMITH,. WHITAKER—11.

*For affirmance*—None.